UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0205 AG (JCGx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | IN RE LARRY MINASIAN | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**

Back in March 2016, Dwight D. Stirling filed an "Application of Assumption of Jurisdiction" in Orange County Superior Court over David Richard Lusk's law practice. The Application alleged that Lusk, a member of the California National Guard, was engaged in the unauthorized practice of law in California because he lacked a California State Bar license. The United States, as a real party in interest, removed that case to this Court. On the Government and Lusk's motion, the Court dismissed that case because Stirling lacked standing to maintain the case in federal Court and because Stirling's claims were barred by the *Feres* doctrine. (*See* SACV 16-0930 AG (JCGx) ("*In re Lusk*"), Dkt. No. 19.)

Now Stirling's back. This time, Stirling filed an "Application of Assumption of Jurisdiction" in Orange County Superior Court over Larry Minasian's law practice. The Application alleges that Minasian, also a member of the California National Guard, is engaged in the unauthorized practice of law in California because he lacks a California State Bar license. Once again, the United States, as a real party in interest, removed this case to this Court under 28 U.S.C. §§ 1442(a)(1) and 1442a, which generally allow federal officers or members of the armed forces to remove certain cases to federal court. Stirling moves to remand this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0205 AG (JCGx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | IN RE LARRY MINASIAN | | |

case back to state court, and the Government and Minasian move to dismiss.

The Court DENIES Stirling's motion to remand (Dkt. No. 15). The Court GRANTS the Government's motion to dismiss without leave to amend. (Dkt. No. 8).

## 1. PRELIMINARY MATTERS

First, some house-keeping. Minasian and the United States ask the Court to take judicial notice of "a letter from the [California] State Bar." (Dkt. No. 8-2.) Setting aside whether judicial notice is appropriate, the Court concludes that it may appropriately consider this document in resolving the pending dispute.

The parties have raised various evidentiary issues throughout (and after) the briefing on the motion to remand and motion to dismiss. (*See, e.g.*, Dkt. Nos. 18 at 9, 23 at 2.) The parties appear to have resolved at least some of these issues, and many issues did little (or nothing) to move this case forward. (*See* Dkt. No. 25.) It's "often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *See Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec 18, 2009). The Court relies on only appropriate evidence in deciding the pending motions. At the hearing on the pending motion, counsel didn't identify any evidence the Court had improperly relied upon in reaching its conclusions.

## 2. BRIEF BACKGROUND

On January 8, 2018, Stirling filed the application in state court alleging that Minasian was engaging in unauthorized practice of law. ("Application," Dkt. No. 1-1.) In the Application, Stirling asserts that Minasian is not an active member of the California State Bar, yet he is holding an attorney position in the California National Guard, a state agency. (*Id.* at 5.) The Application asks for an order to show cause concerning Minasian's alleged unauthorized practice and for assumption of jurisdiction over Minasian's law practice. On February 6, 2018, Minasian and the United States removed the case under 28 U.S.C. §§ 1442(a)(1) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0205 AG (JCGx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | IN RE LARRY MINASIAN | | |

1442a on the basis that Minasian is certified regional defense counsel under 10 U.S.C. §§ 827(b) and 1044(d)(1). As such, the United States and Minasian say Minasian is federally recognized to provide military legal assistance for the California Army National Guard. (*See* Notice of Removal, Dkt. No. 1 at 1; Minasian Decl. at ¶6.) Minasian is admitted to the State Bars of Arkansas and Tennessee and has continuously served on Active National Guard Reserve (AGR) duty under 32 U.S.C. § 502(f) since 2011. Minasian declares that he has never performed services in any California state court. (Minasian Decl. ¶¶ 6–7.)

**3.      MOTION TO REMAND**

While the Court denied a motion to remand on strikingly similar facts in *In re Lusk*, Stirling nonetheless argues this case should be remanded to state court. *See* 28 U.S.C. § 1447. Minasian and the United States removed this case to this Court under 28 U.S.C. §§ 1442(a)(1) and 1442a. Section 1442(a)(1) allows removal of a civil action against the United States, any officer of the United States, or "any person acting under that officer," if the action is "for or relating to any act under color of such office." Section 1442a provides that a "member of the armed forces" may remove a "civil . . . prosecution" against him for any "act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof."

The bedrock of Stirling's motion for remand rests on unique features of National Guard service. Specifically, Stirling seizes on National Guard members' dual status as both a state and federal actors. In this, Stirling draws a distinction between National Guard members who have been called into "active duty" by the United States under Title 10 of the United States Code (which governs the armed forces of the United States) and those serving on "reserve duty"—not yet called into federal service—under Title 32 of the United States Code (which governs the National Guard). Stirling argues that Minasian, a Judge Advocate in the Trial Defense Services, performs his duties on "reserve duty" under 32 U.S.C. § 502(f). Minasian's Title 32 status is important to the removal question, Stirling says, because it means he is a state officer rather than a federal officer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0205 AG (JCGx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | IN RE LARRY MINASIAN | | |

The Ninth Circuit has recognized that "the military apparatus of the United States cannot be divided into strictly state and federal components." *Bowen v. Oistead*, 125 F.3d 800, 805 (9th Cir. 1997). That difficulty is especially apparent in this context, where both parties provide non-frivolous arguments concerning whether Minasian is a state or federal employee. For the purposes of deciding whether removal is appropriate, the Court need not resolve that complex question. As mentioned, § 1442 permits removal by "the United States or . . . any officer (*or any person acting under that officer*) of the United States or any agency thereof." 28 U.S.C. § 1442(a)(1). There's a good argument that Minasian was, at the very least, a "person acting under" an officer of the United States. The federal statute governing Minasian's National Guard service—32 U.S.C. § 502(f)—mandates that Minasian's service under that section is performed under "regulations to be prescribed by the Secretary of the Army or Secretary of the Air Force." Further, Minsasian is supervised by National Guard members on active (federal) duty. And as Minasian and the United States point out, Congress has defined "employee of the government" to include National Guard members serving under 32 U.S.C. 502 in other statutory schemes. *See* 28 U.S.C. § 2671. Considering removal under § 1442 is to be interpreted "broadly in favor of removal," it appears removal was appropriate on this ground alone.

Moreover, as the Court pointed out previously in *In re Lusk*, the United States removed this case as a real party in interest and has a right to a federal forum. "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citation omitted). Once again, Stirling's Application seeks to seize the law practice of a federally certified Judge Advocate, a law practice authorized by federal statutes and regulations that do not require Minasian to become certified in any state's bar. Consequently, the United States has a right to a federal forum to resolve this dispute, since the threat of a state court order seizing Minasian's practice would disrupt the Government's ability to maintain its Judge Advocate program. *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum. This policy should not be frustrated by a narrow, grudging interpretation of Section 1442(a)(1)."). At the hearing on the pending motions,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0205 AG (JCGx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | IN RE LARRY MINASIAN | | |

Stirling's counsel questioned whether the effect of allowing removal here would be too broad, potentially opening the door for future removals of any state proceeding involving members of the National Guard. But the particular interest of the United States in Minasian's law practice—which Stirling seeks to disrupt—sufficiently limits this concern.

The Court declines to address Stirling's other arguments against removal because they have either been addressed previously in *In re Lusk* or do not merit further attention. The Court concludes this case was properly removed from state court and remand is inappropriate.

## 4. MOTION TO DISMISS

Minasian and the United States argue that Stirling's Application is barred by collateral estoppel and should be dismissed considering this Court's dismissal in *In re Lusk*. The doctrine of collateral estoppel, sometimes called issue preclusion, prevents relitigation of previously decided issues if (1) there was a full and fair opportunity to litigate the issue in a previous action; (2) the issue was actually litigated; (3) there was a final decision on the merits; and (4) the person against whom issue estoppel is asserted was a party in the previous case. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008). Comparing this case with *In re Lusk*, all of these elements have been satisfied.

Stirling argues that this case differs from *Lusk* because Lusk was a part-time Judge Advocate under § 502(a) while Minasian is a full-time Judge Advocate under § 502(f). The Court sees no meaningful distinction between the two in this case. This distinction is especially innocuous because the Court's dismissal in *Lusk* relied on Stirling's lack of standing to pursue that case and because *Feres v. United States*, 340 U.S. 135 (1950) bars this Court's review of claims concerning the management, supervision, and control of members of the armed services. On the standing front, the Court concluded that Stirling had "no apparent concrete or particularized injury resulting from Lusk's alleged unauthorized practice of law." (*See* SACV 16-0930 AG (JCGx), Dkt. No. 19 at 8.) *See Lujan v. Defs. Wildlife*, 504 U.S. 555, 561 (1992). The Court also concluded that the *Feres* doctrine applied to Stirling's case because it "would require a California civilian court to examine the United States' management and

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0205 AG (JCGx) | Date | April 23, 2018 |
|---|---|---|---|
| Title | IN RE LARRY MINASIAN | | |

control of its Judge Advocates." (*See* SACV 16-0930 AG (JCGx), Dkt. No. 19 at 9.) *See Bowen*, 125 F.3d at 803. Neither of those concerns are remedied (or affected at all) by the slightly different positions occupied by Lusk and Minasian. At the hearing on the pending motions, the Court asked Stirling's counsel to explain why Stirling might have standing to pursue this case. The argument provided in response wasn't convincing and even reinforced the conclusion that Stirling doesn't have standing.

Although Stirling spends several pages of his opposition to the motion to dismiss explaining why the Court's decision in *Lusk* was wrong, the Court disagrees and concludes that the doctrine of issue preclusion prevents relitigation of the issues underlying the pending motion to dismiss. Dismissal is appropriate.

Because Stirling's Application is incurably defective, the Court does not grant him leave to amend. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## 5.     DISPOSITION

The Court DENIES Stirling's motion to remand (Dkt. No. 15). The Court GRANTS the Government's motion to dismiss without leave to amend. (Dkt. No. 8).

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |